

900 Third Avenue, 21st Floor, New York, NY, 10022  •  212.684.0199

December 7, 2015

Jason A. Nagi
(212) 644-2092
(212) 684-0197  Fax
jnagi@polsinelli.com

**VIA ECF**

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *U.S. Bank, National Association, as Trustee for the Registered Holders of WaMu Commercial Mortgage Securities Trust 2007-SL2, Commerical Mortgage Pass-Through Certificates, Series 2007-SL2 v. R N R Management, et al.*; **Case No. 12-cv-01899 (SLT) (VMS)**

Dear Judge Townes:

    I am counsel for the plaintiff U.S. Bank, National Association, as trustee for the registered holders of WaMu Commercial Mortgage Securities Trust 2007-SL2, Commercial Mortgage Pass-Through Certificates, Series 2007-SL2 ("**Plaintiff**") in the above-referenced commercial foreclosure action. As per your Individual Motion Practices & Rules, I am writing to request a pre-motion conference, or alternatively, for permission to file a motion to amend the complaint. Plaintiff seeks to amend the complaint to: (1) add certain tenants as new parties to cut off their interests in the real property at the foreclosure sale pursuant to state law; and (2) substitute 134-10 Jamaica Ave, LLC as the plaintiff in this action.

## Factual and Procedural History

    On June 8, 2012, Plaintiff filed its verified first amended complaint ("**First Amended Complaint**") against the R N R Management, LLC ("**Borrower**"), and Guarantor Chitrah Ramkissoon ("**Guarantor**") (collectively, "**Defendants**"), and others. (Dkt. 2.)  On May 17, 2013, Plaintiff filed a Motion for Summary Judgment (Dkt. 32), which was withdrawn on July 31, 2014.  On August 24, 2015, Plaintiff served copies of Plaintiff's Renewed Motion for Summary Judgment and to Strike the Answer ("**Renewed Motion**") on counsel for Borrower and Guarantor, and Plaintiff notified the Court on August 25, 2105. (Dkt. 67)  By letter dated September 11, 2015, Plaintiff sought permission to file its Renewed Motion. (Dkt. 68)  Plaintiff advised the Court that Defendants' responses were due on or before September 8, 2015, and that

polsinelli.com

Atlanta    Chicago    Dallas    Denver    Kansas City    Los Angeles    Nashville    New York    Phoenix    San Francisco
St. Louis    Washington, DC    Wilmington
Polsinelli PC, Polsinelli LLP in California

51789693



December 7, 2015
Page 2

as of September 11, 2015, Plaintiff had not received any responsive papers from Defendants with respect to Plaintiff's Renewed Motion. (Dkt. 68) On September 15, 2015, the loan was sold to 134-10 Jamaica Ave, LLC ("**New Lender**"), who is the current owner and holder of the loan documents.[1] On November 16, 2015, the Court provided Defendants until December 7, 2015, to serve a response to the Renewed Motion. (Dkt. 69)

As a result of the New Lender's analysis of the case, New Lender wishes to amend the First Amended Complaint to add certain tenants as party defendants to cut off the tenant's interests in the real property at the foreclosure sale pursuant to state law. Debeden Ramkissoon and Remesh Pateja are individual tenants occupying the apartments at the property. Sam's Variety Store (which is operated by Debeden Ramkissoon either individually or as its corporate representative), occupies the first floor commercial unit. Accordingly, New Lender wishes to amend the Complaint to add Debeden Ramkissoon, Remesh Pateja, and Sam's Variety Store.

### Basis for Motion

N.Y. Real Property Actions and Proceedings Law 1311 requires a plaintiff in a mortgage foreclosure action to join, as a party defendant, any person "whose interest is claimed to be subject and subordinate to the plaintiff's lien." Under the statute, these necessary parties include "[e]very person having an estate or interest in possession, or otherwise, in the property as a tenant . . . for years." "Thus, tenants are clearly necessary parties to a foreclosure action." *6820 Ridge Realty LLC v. Goldman*, 263 A.D.2d 22, 25 701 N.Y.S.2d 69, 72 (App. Div. 1999). "The rationale for joinder of tenants and junior lienholders 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Id.* (quoting *Polish Nat. Alliance v. White Eagle Hall Co.*, 98 A.D.2d 400, 404, 470 N.Y.S.2d 642 (App. Div. 1983)).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) ("When a party requests leave to amend its complaint, permission generally should be freely granted."). Indeed, "[t]he rule in this Circuit had been to allow a party to amend its

---

[1] By the time the loan was sold, the Renewed Motion was already fully briefed as no opposition was filed and Plaintiff was waiting for permission from the Court to file the Renewed Motion.



December 7, 2015
Page 3

pleadings in the absence of showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993).

      Because Plaintiff wishes to extinguish the rights of the tenants occupying the property who have not been named in in this action, the First Amended Complaint needs to be amended to include Debeden Ramkissoon, Remesh Pateja, and Sam's Variety Store as defendants. In addition, as a result of the loan sale, Plaintiff also wishes to amend the caption and substitute 134-10 Jamaica Ave, LLC as plaintiff in the place of current Plaintiff. For these reasons, Plaintiff seeks permission to file a motion to amend the First Amended Complaint.

                                          Sincerely,

                                          */s/ Jason A. Nagi*

                                          Jason A. Nagi

JAN:mah

cc: <u>Via ECF</u>

    Brian McCaffrey, Esq.
    Jageshwar Sharma, Esq.
    Vivek Suri, Esq.

51789693