UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE
FOR THE REGISTERED HOLDERS OF WAMU
COMMERCIAL MORTGAGE SECURITIES TRUST
2007-SL2, COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2007-SL2,

                **ORDER ADOPTING REPORT**
Plaintiff,         **AND RECOMMENDATION**

-against-         12-CV-1899 (SLT)(VMS)

RNR MANAGEMENT, LLC, a New York limited liability
company; CHITRAH RAMKISSOON, an individual; NEW
YORK CITY DEPARTMENT OF FINANCE; and NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE,

Defendants.
------------------------------------------------------------------------x

**TOWNES, United States District Judge:**

In April 2012, plaintiff U.S. Bank, National Association, as trustee for the registered holders of WaMu Commercial Mortgage Securities Trust 2007-SL2, Commercial Mortgage Pass-Through Certificates, Series 2007-SL2 ("Plaintiff"), commenced this diversity action against defendant RNR Management, LLC ("RNR") and one of its principals, Chitrah Ramkissoon (collectively, "Defendants"), seeking to foreclose its mortgage on real property owned by RNR (the "Property"). On November 2, 2012, this Court entered an "Order Appointing a Receiver" (hereafter, the "Order"), which appointed Isak David Maryl as a temporary receiver for the Property and empowered him to, among other things, take possession of the Property, review the books and records relating to the Property, and collect rents and other income generated by the Property.[1]

---

[1] In an Order Appointing Substitute Receiver, executed herewith, the Court substituted Jeffrey Saltiel as Receiver in this case.

Defendants did not turn over the Property or the income generated by the Property to the Receiver. On July 7, 2014, at Plaintiff's request, the Court issued an order directing Defendants to show cause why they should not be held in contempt for failing to comply with the Order. That Order to Show Cause stated, among other things:

> [U]nless all rents collected by Defendants or their agents between November 6, 2012, and July 18, 2014, are turned over to Plaintiff by July 18, 2014, Defendants shall show cause why they should not be fined in an amount not less than the amount of rent collected from November 6, 2012, through the date of any order granting the relief requested by the pending motion or, if there are no records of the rents collected during this period, fined an amount based on the highest amount of rent that could have been received during the relevant period.

In response to the Order to Show Cause, the Court received a declaration from Brian McCaffrey, an attorney who claimed to represent Defendants. In his declaration, Mr. McCaffrey stated that Plaintiff had not contacted him regarding Defendants' failure to comply with the Court's Order and that compliance "could have been attained through a simple phone call to [his] office." Declaration of Brian McCaffrey (ECF Doc. 39), ¶¶ 6-7. Notwithstanding these assurances, however, Defendants failed to turn over the rents by the July 18 deadline or to provide an explanation for their failure to do so.

On October 7, 2014, the Court entered a "Contempt Order" finding Defendants in contempt of Court for failing to comply with the terms of the Order and directing Defendants to "pay to Plaintiff a fine in the amount of all rents collected between November 6, 2012, and the date on which they become fully compliant with the Order ...." Contempt Order, p. 3. The Contempt Order directed defendant Chitrah Ramkissoon to appear in Court on October 24, 2014, with "books and records relating to the collection of such rents, including copies of leases,

ledgers, rent receipts, and any other documents necessary to enable the Court to calculate the amount of all rents collected between November 6, 2012, and the date on which Defendants become fully compliant with the Order ...." *Id.*, p. 4. The Contempt Order also stated:

> [I]f [D]efendants cannot provide satisfactory records of the rents collected during this period, this Court will refer this matter to Magistrate Judge Scanlon to conduct an inquest to determine the highest amount of rent which could reasonably have been received during the relevant period, considering all relevant market conditions ...." *Id.*

Defendants did not move for reconsideration of the Contempt Order. Although defendant Ramkissoon appeared before the Court on two subsequent occasions, she never provided any records. Accordingly, at a conference on November 7, 2014, the Court referred the case to Magistrate Judge Vera M. Scanlon to conduct the inquest described in the Contempt Order.

Judge Scanlon conducted the inquest and on January 5, 2016, issued a report and recommendation (hereafter, "the R&R") in which she concluded that the maximum rent which could have been received was $2,400 per month. Using that figure, Judge Scanlon calculated that Defendants owed the Receiver $86, 200 in back rent: $2,400 for each of the 38 months between November 6, 2012, and January 5, 2016, less $5,000 which Defendants had already turned over. The R&R also included a suggestion as to how to proceed, stating: "the District Judge may wish to order the Defendants to pay the back rent owing; determine any fine (as compared to back rent) owed by Defendants for their contempt; and assess whether Defendants are in compliance." R&R at 21.

3

On January 19, 2016, Defendants filed a six-page document entitled "Partial Objection to Report and Recommendation" (hereafter, "the Objection"). That document specifically states that Defendants "do not object to Justice [*sic*] Scanlon's finding that the maximum monthly rent should be set at $2,400," as this finding "was based on sound and fair reasoning." Objection, p. 2. Rather, Defendants principally object to Judge Scanlon's failure "to find that nonparty Debidin [Ramkissoon] should be held liable for the entire contempt amount," arguing that it would be unnecessary and unjust to assess a fine against Defendants. In addition, Defendants object to Judge Scanlon's characterization of an affirmation submitted by Mr. McCaffrey as an opposition submitted by RNR. Defendants assert that Mr. McCaffrey represents only Debidin Ramkissoon, who owns 19 percent of RNR, and not RNR itself.

Defendants objections misapprehend the scope of the reference to Judge Scanlon. This case was referred to magistrate judge solely to conduct an inquest and to determine the highest rent that could be received on the Property. Judge Scanlon held the inquest and made that determination. Since Defendants not only do not object to that determination, but also affirmatively state that it was "based on sound and fair reasoning," the Court will adopt Judge Scanlon's report and recommendation.

The Court did not request, and Judge Scanlon did not make, a recommendation concerning the issue of who should be sanctioned for the contempt of court. The Contempt Order addressed that issue, directing Defendants to "pay to Plaintiff a fine in the amount of all rents collected between November 6, 2012, and the date on which they become fully compliant with the Order ...." Contempt Order, p. 3. To the extent that Defendants have a basis for seeking reconsideration of the Contempt Order, they should make that motion to the Court before June

4

20, 2016. However, Defendants are advised that "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases).

The Court will conduct a conference on Monday, June 20, 2016, to determine who, if anyone, Mr. McCaffrey represents in this action. Unless Defendants and Mr. McCaffrey agree before the conference that Mr. McCaffrey does not represent RNR, Defendants shall bring to the conference a copy of RNR's articles of incorporation, operating agreement, and any other documents bearing on the question of who has the power to choose a legal representative for RNR. If Defendants and McCaffrey agree, or the Court determines, that Mr. McCaffrey represents only nonparty Debidin Ramkissoon, Plaintiff's request for permission to amend the complaint will be granted on consent.

## *CONCLUSION*

For the reasons set forth above, Judge Scanlon's report and recommendation dated January 5, 2015, is adopted. RNR is directed to pay back rent to the newly appointed Receiver, Jeffrey Saltiel, in the amount of $86,200 for the period from November 6, 2012, to January 5, 2016, and the amount of $2,400 per month for each full month thereafter. The Court will delay entering an order relating to the fine to be paid for the contempt until June 20, 2016, so as to give Defendants time to move for reconsideration of the Contempt Order and to demonstrate a good faith effort to cause the back rents to be paid to the Receiver.

Mr. McCaffrey and Mr. Sharma are directed to appear in Room 4B of the Courthouse, 225 Cadman Plaza East, Brooklyn, New York, for an in-person conference at 11:00 a.m. on June 20, 2016. Unless the attorneys agree that Mr. McCaffrey does not represent RNR, Defendants shall provide the Court with a copy of RNR's articles of incorporation, operating agreement, and any other documents bearing on the question of who has the power to choose a legal representative for RNR.

**SO ORDERED.**

                s/SLT
              /SANDRA L. TOWNES
              United States District Judge

Dated: May 20, 2016
    Brooklyn, New York